# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 2000 P Street NW, Suite 240 Washington, D.C. 20036 </br></br> Plaintiff, </br></br> v. </br></br> BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT Atrium Building, HE 2204 Herndon, VA 20170 </br></br> Defendant. | Civil Action 15-cv-1230 </br></br> **COMPLAINT** |

## **PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Department of Interior Bureau of Safety and Environmental Enforcement ("BSEE") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On June 8, 2015, Plaintiff sent a FOIA request via email, fax, and mail seeking records concerning the measures taken by BSEE regarding Royal Dutch Shell PLC's ("Shell") intention to pursue oil and gas drilling activities in Alaska's Chukchi Sea this summer.

4. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government

and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).  Agencies may extend this time period may only in "unusual circumstances" and then only for a maximum of ten additional working days.  5 U.S.C. § 552(a)(6)(B)(i).

6. To date, thirty working days have passed and Defendant has failed to produce any records in response to Plaintiff's June 8, 2015 FOIA request, FOIA-BSEE-2015-00209.

7. Defendant's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request.  BSEE is frustrating Plaintiff's efforts to educate the public about the safety and reliability of Shell's planned operations.

8. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

11. This Court is a proper venue because Plaintiff resides in the District of Columbia.  *See* 28 U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a

civil action may be brought in the district where the plaintiff resides if there is no real property at issue). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

13. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

14. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

15. Defendant, BSEE, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

16. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

17. Alaska's remote Chukchi Sea is among the world's most pristine marine environments, as well as one of its most productive ocean ecosystems. It is home to roughly half of America's remaining threatened polar bears, provides important feeding and calving areas for several

species of whales, and hosts seals, walruses, and a wide variety of bird populations. At the same time, its remote location, ferocious storms, and ice-choked waters make drilling particularly risky and pose unique challenges for emergency response and spill clean-up.

18. As Royal Dutch Shell prepares to drill in the Chukchi Sea, much of the information detailing the safety and reliability of those planned operations has not been released to the public, nor have the test results required by relatively new federal offshore rules seen the light of day. The 2010 Deepwater Horizon disaster highlighted the importance of stringent government oversight of offshore oil drilling. The public still lacks answers to key technical risk-management uncertainties and risks even as drilling is soon slated to penetrate high-risk hydrocarbon zones of the Chukchi Sea.

19. On June 8, 2015 PEER submitted a FOIA request via email, fax, and mail seeking information concerning the measures taken by the BSEE to ensure the safety and reliability of Shell's planned oil and gas drilling operations. Specifically, PEER requested:

   a. The Independent Third-Party Certification report, by the Registered Professional Engineers (RPE), as required by the 2012 BSEE offshore drilling rule, of the following aspects of Chukchi wells to be drilled by Shell this summer from the Noble Discoverer and the Polar Pioneer:

   - Well design, casing and cement design;
   - Independent well barriers;
   - Mud formulation;
   - Kick detection and management;
   - Blow Out Preventer (BOP) function, including blind shear ram capability;
   - Well integrity maintenance and pressure testing plan;
   - Well abandonment plan.

    b. Results of all function testing this year on all components of Shell's *Source Control and Containment Equipment* (SCCE), including the BOPs, containment stack, containment dome, and collection equipment aboard the Arctic Challenger;

    c. Any other assessments conducted by the RPE, including any/all audits of the well designs or procedures conducted by API's *Center for Offshore Safety* (COS), or the DOI *Offshore Energy Safety Institute* (OESI);

    d. Results of all oil spill response drills Shell and its contractors have conducted in the Arctic region since January 1, 2012;

    e. Documents discussing the efficacy or insufficiency of placing only one BSEE inspector aboard each drill rig, and difficulties this would pose to providing continuous, 24 hour/7 days a week, compliance monitoring;

    f. Documents discussing the need for or advisability of establishment of an Arctic Regional Citizens' Advisory Council (RCAC);

    g. Any documents on systems in place to record and report precursor (near miss) events;

    h. Whistleblower provisions for Shell workers or workers for Shell contractors and subcontractors to report anomalies or potentially hazardous conditions, as well as any provisions stipulating prohibition against retaliation for such reports.

20. BSEE confirmed Plaintiff's submission on June 16, 2015 and assigned it tracking number FOIA-BSEE-2015-00209.

21. On June 16, 2015 BSEE requested clarification, which PEER provided on June 17, 2015.

22. In a letter dated June 24, 2015, BSEE stated that PEER's request fell within the "Exceptional/Voluminous processing" track because of the breath of the request, and stated that it would provide an estimated date "once the search is underway."

23. The FOIA allows agencies to extend the 20 working day time limit for responding in "unusual circumstances," but for no more than 10 working days. 5 U.S.C. § 552(a)(6)(B)(i).

24. After PEER asked for a status update on its June 8 FOIA request, BSEE informed PEER by letter dated July 27, 2015 that the Agency considered PEER's request to have been perfected as of June 17, 2015 (the date it received PEER's clarification), and that it would "need more than 60 workdays for processing the request." Nothing in the FOIA authorizes an extension of this length.

25. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond or to assert the need for a ten day extension. *See also* 43 C.F.R. § 2.16.

26. Twenty working days from June 17, 2015 (the date on which BSEE received clarification information) was July 16, 2015. Applying the 10 day extension brings the deadline to July 30, 2015.

27. As of this July 30, 2015 filing, Plaintiff has not received any records responsive to its June 8, 2015 FOIA request.

28. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its June 8, 2015 FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

29. The information sought is both urgent and critical, as Shell is preparing to drill this summer in the Alaska's pristine and vulnerable Chukchi Sea without having released information detailing the safety and reliability of its planned operations to the public.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

30. Plaintiff incorporates the allegations in the preceding paragraphs.

31. Defendant's failure to disclose the records requested under Request No. FOIA-BSEE-2015-00209 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Department of the Interior regulations thereunder 43 C.F.R. § 2.1 *et seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on July 30, 2015,

　 /s/ Laura Dumais　
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility
2000 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337

*Counsel for Plaintiff*